1

2 **UNITED STATES DISTRICT COURT**

3 **EASTERN DISTRICT OF CALIFORNIA**

4

5 RENE ZAVALA-SANTANA,                    CASE NO. 1:15-CR-0090 AWI BAM
                                                    (1:17-CV- 1590 AWI)
6                           Petitioner,

7                         v.                ORDER ON PETITIONER'S 28 U.S.C. §
                                            2255 PETITION
8 UNITED STATES OF AMERICA,

9                         Respondent.       (Crim. Doc. No. 10)

10

11

12          Petitioner Rene Zavala-Santana challenges his sentence through this petition to set aside,

13 vacate, or correct under 28 U.S.C. § 2255.

14          *Background*

15          On June 8, 2015, Petitioner entered into a plea agreement in which he agreed to plead

16 guilty to violation of 8 U.S.C. § 1326, deported alien found in the United States.  See Doc. No. 8.

17 As part of the plea agreement, Petitioner agreed not to challenge his conviction or sentence

18 through a direct appeal or through post-conviction proceedings such as a 28 U.S.C. § 2255

19 petition.  See Doc. No. 7 at ¶ 4(f).  Petitioner pled guilty, and the Court accepted the plea and

20 imposed a sentence the same day.  See Doc. No. 8.  Defendant was sentenced to 63 months in

21 prison with no term of supervised release.  See id.; Doc. No. 9.  Judgment and commitment was

22 entered on June 9, 2015.  See Doc. No. 9.

23          On November 20, 2017, Petitioner filed this § 2255 petition.[1]  See Doc. No. 10.  The

24 Petitioner contends that he is entitled to re-sentencing.  See id.  Petitioner explains that he received

25 a 16 level enhancement for previous aggravated felonies.  See id.  However, Petitioner contends

26

27 [1] The docket reflects that the petition was filed on November 30, 2017.  See Doc. No. 10.  However, the petition includes a certificate of service that states that Petitioner submitted his petition for mailing on November 20, 2017.

28 See id.  Through operation of the prison mailbox rule, the petition was filed on November 20, 2017.  United States v. Winkles, 795 F.3d 1134, 1146 (9th Cir. 2015).

that that he is entitled to relief under *Mathis v. United States*, 136 S.Ct. 2243 (2016) in that his prior felony is no longer considered an aggravated felony.  See id.  Petitioner requests that the Court re-sentence him without the 16 level enhancement.  See id.

*§ 2255 Framework*

28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence."  Under § 2255, a district court must grant a prompt hearing to a petitioner in order to determine the validity of the petition and make findings of fact and conclusions of law, "[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ."  28 U.S.C. § 2255(b).  The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal.  United States v. Withers, 638 F.3d 1055, 1062-63 (9th Cir. 2011); Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1983).  A petitioner is not required to allege facts in detail, but he "must make factual allegations" and cannot rest on merely conclusory statements.  Baumann, 692 F.2d at 571; United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980).  Accordingly, an evidentiary hearing is required if: (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief.  United States v. Howard, 381 F.3d 873, 877 (9th Cir. 2004).

*Discussion*

Defendant requests that the Court re-sentence him without an enhancement.  However, Defendant's 63-month term of imprisonment has expired.  Further, a review of the Bureau of Prisons inmate locator website does not show that Petitioner is incarcerated.  The Court can only conclude that Defendant has fully served his prison term.  Because re-sentencing Defendant without the 16 level enhancement would serve no purpose whatsoever, this Petition is moot and must be denied.  See Lane v. Williams, 455 U.S. 624, 631 (1982); United States v. Mayer, 785 F. App'x 425, 426 (9th Cir. 2019); United States v. Palomba, 182 F.3d 1121, 1123 (9th Cir. 1999).

2

1    Alternatively, even if the Court did not find that this matter was moot, no relief could be

2 granted.  As explained above, Petitioner signed a plea agreement in which he expressly agreed that

3 he would not challenge his sentence through a § 2255 petition.  See Doc. No. 7 at ¶ 4(f).  Plea

4 agreements will be enforced as long as they are unambiguous and voluntarily made.  See United

5 States v. Jeronimo, 398 F.3d 1149, 1153-54 (9th Cir. 2005); United States v. Abarca, 985 F.2d

6 1012, 1014 (9th Cir. 1992).  The language of the plea agreement is clear.  See Doc. No. 10.  This

7 Court is aware of nothing that suggests that the plea agreement is unenforceable.  Therefore, the

8 plea agreement is sufficient to deny this petition because Petitioner waived his right to challenge

9 his sentence through § 2255.[2]  See Jeronimo, 398 F.3d at 1153-54; Abarca, 985 F.2d at 1014.

10    *Certificate of Appealability*

11    28 U.S.C. § 2253 provides in pertinent part:

12    (a) In a habeas corpus proceeding or a proceeding under section 2255 before a
13    district judge, the final order shall be subject to review, on appeal, by the court of
      appeals for the circuit in which the proceeding is held.

14     (b) There shall be no right of appeal from a final order in a proceeding to test the
15    validity of a warrant to remove to another district or place for commitment or trial a
      person charged with a criminal offense against the United States, or to test the
16    validity of such person's detention pending removal proceedings.

17    (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal
      may not be taken to the court of appeals from–

18        (A) the final order in a habeas corpus proceeding in which the detention
           complained of arises out of process issued by a State court;  or
19        (B) the final order in a proceeding under section 2255.
20     (2) A certificate of appealability may issue under paragraph (1) only if the
      applicant has made a substantial showing of the denial of a constitutional right.
21     (3) The certificate of appealability under paragraph (1) shall indicate which
      specific issue or issues satisfy the showing required by paragraph (2).

22    The Supreme Court has found that a court should issue a certificate of appealability when

23 the petitioner shows that jurists of reason would find it debatable whether the petition states a

24 valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

25 whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473,

26 483-84 (2000).  The requirement that the petitioner seek a certificate of appealability is a

27
28 [2] Additionally, the Court notes that *Mathis* was decided on June 23, 2016, and the Ninth Circuit has held that *Mathis* did not announce a new rule of constitutional law.  See Arazola-Galea v. United States, 876 F.3d 1257, 1259 (9th Cir. 2017).  Petitioner's petition does not appear to be timely under 28 U.S.C. § 2255(f).

gatekeeping mechanism that protects the Court of Appeals from having to devote resources to frivolous issues while at the same time affording petitioners an opportunity to persuade the Court that through full briefing and argument the potential merit of claims may appear.  Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000).

       In the present case, reasonable jurists would not debate that the petition is moot or that Petitioner waived his ability to challenge his sentence through a § 2255 petition.  Therefore, the Court will decline to issue a certificate of appealability.  Slack, 529 U.S. at 483-84.

## **ORDER**

       Accordingly, IT IS HEREBY ORDERED that:

1.     Petitioner's 28 U.S.C. § 2255 petition (Doc. No. 10) is DENIED;

2.     The Court DECLINES to issue a certificate of appealability under 28 U.S.C. § 2253; and

3.     This case remains CLOSED.

IT IS SO ORDERED.

Dated:   March 18, 2021              _____

                            SENIOR  DISTRICT  JUDGE

4